WALLACE C. FLAGG *vs.* DANIEL L. REED & another.

Plymouth. October 18, 1892. — December 6, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Insolvent Debtor — Right of Assignee to sue Debtor for Property assigned but not delivered.*

An assignee in insolvency cannot maintain an action of contract against the insolvent debtor for property included in the assignment which the debtor neglects or refuses to turn over as required by law.

CONTRACT. The material part of the declaration was as follows: "And the plaintiff says that the defendants formerly did business in Brockton, Massachusetts, under the firm name of Reed Brothers; that on January 15, A. D. 1889, they filed a petition in insolvency in the Court of Probate and Insolvency in and for the County of Plymouth; that the plaintiff was elected, by vote of the creditors, at the first meeting held for that purpose, assignee of the insolvent estate of the defendants, and said election was approved by the judge of said court; that said judge duly assigned and conveyed to the plaintiff, in accordance with the provisions of the Pub. Sts. c. 157, § 144, all the estate of said defendants, and of either of them, except what is by law exempt from attachment; that on December 22, 1888, the defendants borrowed of George A. Mead & Co. $8,000; that on January 3, 1889, the defendants borrowed of Sarah Reed $4,000; that the defendants received from the proceeds of their business $3,000 between December 22, 1888, and January 15, 1889; that at the time of filing their said petition in insolvency the aforesaid money, amounting to $15,000, was a part of the estate of the defendants; that the defendants did not deliver over to the messenger of said court upon demand said $15,000, nor since, to the plaintiff, nor any part of the same, nor account therefor. Wherefore the plaintiff says the defendants owe him the sum of $15,000." Answer, a general denial.

At the trial in the Superior Court, before *Fessenden*, J., after the evidence was all in, the defendants asked the judge to rule, among other things, that the action could not be maintained, on the ground that there is no provision of law whereby an assignee can sue his insolvent debtor; and moved to have the case taken from the jury, and a judgment rendered for the defendants. The judge declined so to do.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*J. J. Dowd*, for the defendants.

*W. H. Brown*, for the plaintiff.

KNOWLTON, J. The principal question in this case is whether an assignee in insolvency can maintain an action of contract against the debtor for property included in the assignment which the debtor neglects or refuses to turn over as required by law.

The purpose of the statute for the settlement of estates of insolvent persons is twofold: first, to provide for an equitable distribution of their property among their creditors; and, secondly, to enable honest, unfortunate debtors to obtain a discharge from their debts. An assignee in insolvency has no rights or powers in regard to the estate of the debtor except those derived from the statute. In general, the assignment vests in the assignee all the property of the debtor, and gives him all the debtor's rights in regard to the collection of it. Beyond this he has the rights of creditors in regard to property fraudulently conveyed by the debtor. Pub. Sts. c. 157, § 46. The debtor must do everything reasonably required by the assignee to enable him to " demand, recover, and receive " all the estate and effects included in the assignment, and if he fails to do anything so required he cannot obtain a discharge, and may be imprisoned in the jail until he obeys such order or decrees as the court may make in the premises. Pub. Sts. c. 157, §§ 74, 75. This is the remedy provided for the assignee if the debtor fails to turn over property in his hands. In ordinary cases the remedy is effectual to compel the delivery of everything with which the debtor can be charged on a trial in court. Besides, if the debtor in any case should prefer to endure imprisonment for an indefinitely long time rather than to deliver money in his control, his inability to obtain a discharge would at once subject him to judgments in favor of as many of his creditors as might choose to sue him, and such judgments would probably be as valuable as the judgment obtained by the assignee.

There is nothing in any part of the statute indicating that the assignee may sue the debtor as for a debt; indeed, an important object of the law is to leave the debtor free from debt if he does his duty, and not to permit suits against him as a part of the proceedings, whereby judgments may be recovered that will stand as new debts which are not affected by the discharge. The debtor must file a schedule of creditors, and it is in reference to claims of creditors that the proceedings are inaugurated. Nor could it have been contemplated by the Legislature that the assignee should stand in the place of a new creditor, who, instead of pursuing the property and compelling the debtor under penalty of imprisonment to turn it over, may obtain a judgment

which will transfer to the debtor the title to the property claimed, and leave him owing an undischarged debt, founded on a statute which was enacted for the purpose of freeing insolvent debtors from their debts.

In § 51 of the statute, it is said that the assignee " shall have the like remedy to recover all the estate, debts, and effects in his own name as the debtor might have had if no assignment had been made." In this respect he is put in the place of the debtor as against third persons, but the language does not imply that he may sue the debtor in contract for assets which have not been turned over to him. Undoubtedly he may take the property into his possession wherever he can find it, and it is unnecessary in this case to hold that he might not, under certain circumstances, maintain an action of replevin, or some other appropriate suit founded on his title to specific articles, even against the debtor himself. But when, as between him and the debtor, the statute particularly describes the duties of both, and provides the remedy if the debtor fails to do what is necessary to put the assignee in possession of the estate assigned, we can find no warrant for allowing a wholly different remedy, inconsistent with the general purpose of the act.

We are of opinion that the action cannot be maintained.

*Exceptions sustained.*